IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAQUONA MALONE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.: |
| § | 1:25-CV-654 |
| VISION CENTER SOUTH LLC, § | |
| § | JURY DEMAND |
| Defendant. § | |
| § | |

**COMPLAINT**

## I. INTRODUCTION

1. This is an action for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII").

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343, and 42 U.S.C. §2000e-5(f).

3. Defendant resides and conducts business in this district. The alleged unlawful practices occurred in Coffee County, Alabama Venue is proper pursuant to 28 U.S.C. § 1391.

## III. ADMINISTRATIVE EXHAUSTION

4. Plaintiff fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII. Plaintiff timely filed her Charge with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed her claims with this Court within ninety (90) days of the receipt of a

Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

**IV.     PARTIES**

5.      Plaintiff Shaquona Malone (hereafter "Malone" or "Plaintiff") is an African American woman, a citizen of the United States, and a resident of Coffee County, Alabama.

6.      Defendant Vision Center South, LLC (hereafter "Vision Center" or "Defendant") is an employer as the term is defined by Title VII. It employs more than fifteen employees. Vision Center operates an eye care clinics.

**V.     STATEMENT OF FACTS**

7.      Malone began working for Vision Center South in Enterprise, Alabama, on or about September 3, 2024, after Defendant hired her on August 28, 2024.

8.      Malone consistently performed her job duties competently and met Vision Center's legitimate expectations.

9.      On or around November 5, 2024, coworkers and management directed targeted and hostile treatment toward Malone because of her race.

10.     Malone told her supervisor, Dr. Eric Bickhardt (hereafter "Dr. Bickhardt"), that she felt uncomfortable in the work environment and that she was being singled out because of her race.

11.     On or around November 6, 2024, Malone wrote Dr. Bickhardt and asked for a private meeting to address the racially hostile conduct.

12.     Dr. Bickhardt and Vision Center ignored Malone's concerns and refused to address them.

13.     On or around November 7, 2024, while Malone continued to press for a formal complaint of race discrimination, Vision Center terminated her employment.

14.     After the termination, Vision Center gave inconsistent and false explanations for

Malone's termination.

15. On November 13, 2024, Dr. Bickhardt reported to Human Resources that Malone had "walked off the job," even though he fired her six days earlier.

16. The allegations made against Malone were false, and no investigation was conducted in good faith.

17. On November 15, 2024, Human Resources demanded that Malone return her employee badge.

18. Vision Center retaliated further against Malone by interfering with her child's medical needs when it inexplicably sent her daughter's glasses to a distant location.

19. Dr. Bickhardt later tried to justify the termination with shifting and untrue reasons, including alleged issues with scrubs. Malone had personally purchased her scrubs after receiving incomplete information from Dr. Bickhardt and Vision Center.

20. Vision Center's explanations for the termination are false and pretextual. Malone lost her job because she opposed racially motivated mistreatment.

### VI. CAUSES OF ACTION

#### A. COUNT ONE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RACE-BASED DISPARATE TREATMENT)

21. Malone incorporates by reference Paragraphs 2-20 above, as if fully set forth herein.

22. Vision Center treated Malone disparately because of her African American race.

23. Vision Center knew or should have known of said treatment and failed to take effective remedial action.

24. As a direct and proximate result, Malone suffered emotional distress, loss of income, and other damages.

25. This disparate treatment caused Malone's termination and the damages flowing therefrom.

26. Furthermore, Vision Center's stated reason for terminating Malone is pretext for discrimination as shown by its refusal to properly investigate, suspend, terminate, or otherwise discipline heterosexual employees.

### B. COUNT TWO – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)

27. Malone incorporates by reference Paragraphs 2-20 above, as if fully set forth herein.

28. In good faith, Malone reported and/or attempted to report to Vision Center complaints of race-based discrimination.

29. Shortly thereafter, Vision Center terminated her employment.

30. Vision Center's purported reasons for Malone's termination are easily disproven.

31. Vision Center willfully violated the proscription against retaliation under Title VII, with malicious disregard for the rights of Malone.

32. As a result of the Vision Center's conduct, Malone was deprived of income and other benefits of employment, and she suffered embarrassment, humiliation, inconvenience, and mental distress.

33. Malone has no plain, adequate or complete remedy at law to redress the wrongs alleged herein.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant as applied to Plaintiff are violative of the

      rights of Plaintiff as secured by Title VII;

b)    Enter an Order requiring the Defendant to make Plaintiff whole by awarding her the position(s) she would have occupied in the absence of its unlawful acts, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits;

c)    Award reasonable attorneys' fees and costs under Title VII; and

d)    Grant such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

Dated: August 19, 2025

                              Respectfully submitted,

                              /s/ Eric Sheffer
                              **ERIC C. SHEFFER**
                              Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

                **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                              /s/ Eric Sheffer
                              **ERIC C. SHEFFER**